IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROBERT WHITE and <br> CANDELARIO DAVILA <br> on behalf of themselves <br> and a class of those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PATRIOT ERECTORS LLC <br><br> Defendant. | § § § § § § § § § § § § § § | C.A. NO. 1:20-cv-884 <br><br><br> JURY DEMANDED |

# ORIGINAL COMPLAINT - FLSA COLLECTIVE ACTION

## SUMMARY

1. PATRIOT ERECTORS LLC ("PATRIOT ERECTORS") refused to pay certain non-exempt employees for hours worked and for overtime as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. This collective action seeks to recover the unpaid wages, overtime wages and other damages owed to these workers.

## I.
## PARTIES

1. Plaintiff ROBERT WHITE is a resident of Hays County, Texas.

2. Plaintiff CANDELARIO DAVILA is a resident of Travis County, Texas.

3. Plaintiffs Robert White and Candelario Davila have worked as employees of Defendant during the three-year period preceding the filing of this lawsuit.

4.       Defendant PATRIOT ERECTORS LLC is an entity which may be served with process through its registered agent, Registered Agent Solutions, at the following address: 1701 Directors Blvd., Suite 300, Austin, TX 78744-0000.

## II.
## JURISDICTION & VENUE

5.       Jurisdiction is conferred on this Court under 28 U.S.C. § 1331 and under 29 U.S.C. § 216(b). At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce, and/or regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and (s). Additionally, Plaintiffs were individually engaged in commerce and their work was essential to Defendant's business. Defendant has over $500,000 in gross receipts annually. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to this claim, including Defendant's failure to pay overtime wages, occurred in this Division and District. Further, Plaintiffs are residents of this District and Division.

## COVERAGE UNDER THE FLSA

6.       At all relevant times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs.

7.       At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

8.       At all times hereinafter mentioned, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

9. At all times hereinafter mentioned: (a) Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). Such handling includes, but is not limited to, equipment and supplies made in states other than Texas.

10. At all times hereinafter mentioned, Plaintiffs were individual "employee[s]" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207 and whom Defendant at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g). Plaintiffs' handling of goods or materials that have been moved in or produced for commerce included, but was not limited to, handling items that were made in states other than Texas.

## III.
### FACTS RELATED TO NON-PAYMENT OF WAGES AND OVERTIME COMPENSATION

11. Plaintiff Robert White was hired by Defendant in July 2010, as a Welder. He was promoted several times, ultimately to Production Manager, in 2013. Mr. White remained employed as a Production Manager until October 2019. As a Production Manager, Plaintiff White was paid on an hourly basis.

12. Plaintiff Candelario Davila was hired by Defendant in 2014 as a Welder, and later promoted to supervisor. Mr. Davila remained employed as a supervisor until January 2020. As a supervisor, Mr. Davila was paid on an hourly basis.

13. During one or more weeks of Plaintiffs' employment with Defendant, Plaintiffs worked in excess of forty (40) hours per week, some of which were "off the clock" hours. During one or more weeks of Plaintiffs' employment with Defendant wherein Plaintiffs worked overtime hours, Defendant failed to pay Plaintiffs one and one-half times their regular rates of pay for each overtime hour worked. During one or more weeks of Plaintiffs' employment with Defendant wherein Plaintiffs worked "off the clock" but did not work overtime hours, Defendant failed to pay Plaintiffs at least minimum wage for each hour worked by Plaintiffs.

## IV.
## COLLECTIVE ACTION ALLEGATIONS

14. Plaintiffs incorporate the preceding paragraphs by reference.

15. In addition to Mr. White and Mr. Davila, Defendant employed many other hourly workers who were not paid for all hours worked and not paid the overtime premium for overtime hours worked. Like with the currently named Plaintiffs, Defendant did not pay these workers for all of the hours they worked "off the clock." Thus, Defendant's failure to pay for all hours worked extends beyond the currently named Plaintiffs. Other workers employed by Defendant have been subjected to the same unlawful policy (collectively, "the workers.")

16. These workers should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the class is properly defined as: all hourly workers who worked for Defendant during the past 3 years who were not compensated on an hourly basis and paid for all hours worked "off the clock" as required by the FLSA.

## V.
## CAUSES OF ACTION -
## DENIAL OF COMPENSATION, INCLUDING OVERTIME PAY

17. Plaintiffs incorporate the preceding paragraphs by reference.

18. By failing to pay Mr. White, Mr. Davila, and the Workers for all hours worked, including but not limited to overtime at one-and- one-half times their regular rates, Defendant violated the FLSA's minimum wage and overtime provisions.

19. Defendant owes Mr. White, Mr. Davila, and the Workers for unpaid wages and for overtime pay at time and one-half their regular hourly rates. Because Defendant knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Defendant owes these wages for at least the past three years.

20. Patriot Erectors is liable to Mr. White, Mr. Davila, and the Workers for an amount equal to all unpaid wages, including overtime wages, as well as liquidated damages as permitted by the FLSA.

21. Mr. White, Mr. Davila, and the similarly situated Workers are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

22. Plaintiffs demand a trial by jury.

## VI.
## PRAYER FOR RELIEF

Plaintiffs pray for relief as follows:

1. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the Workers;

2. Judgment awarding Mr. White, Mr. Davila, and the Workers all unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. All such other and further relief to which Mr. White, Mr. Davila, and the Workers may show themselves to be justly entitled.

    Respectfully submitted,

    THE LAW OFFICES OF KELL A. SIMON
    501 North IH-35, Suite 111
    Austin, Texas 78702
    (512) 898-9662 Telephone
    (512) 368-9144 Facsimile

    /s/   Kell A. Simon
    Kell A. Simon
    State Bar No. 24060888
    ATTORNEY FOR PLAINTIFF