# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **ROBERT WHITE, on behalf of himself and a class of those similarly situated,** §§§§<br>*Plaintiff* §<br>§<br>**v.** §§§<br>**PATRIOT ERECTORS LLC,** §<br>*Defendant* | Case No. 1:20-CV-00884-SH |

## ORDER

Now before the Court are Plaintiff Robert White's post-judgment Motion for Reasonable Fees and Costs, filed August 4, 2023 (Dkt. 88), and Defendant's Response to Plaintiff's Motion for Attorneys' Fees, filed August 18, 2023 (Dkt. 89). Having considered the record, the relevant law, and the parties' briefing, the Court grants the motion.

### I. Background

White alleged that Defendant Patriot Erectors LLC ("Patriot"), a commercial steel erection business, did not pay him overtime required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* After a two-day bench trial, the Court entered judgment in favor of White and awarded him $40,575.68 in uncompensated overtime and $40,575.68 in liquidated damages, for a total award of $81,151.36. Dkt. 85.

### II. Legal Standards and Analysis

The FLSA states that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Courts "use the lodestar method to calculate an appropriate attorney's fee award under the FLSA." *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006).

The lodestar amount is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for the work. *Id.* There is a strong presumption that the lodestar figure is reasonable. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). After calculating the lodestar amount, a court may enhance or decrease the amount of fees based on the factors set forth in *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 717 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).[1] The party seeking fees has the burden to show the reasonableness of the hours billed and the exercise of reasonable billing judgment. *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996).

## A. Hourly Rates

White requests hourly rates of $575 for attorney Kell Simon, who took this case on a contingency basis, and $125 for paralegal Geni Simon. These rates were found to be reasonable and awarded to White in his companion discrimination case. *White v. Patriot Erectors LLC*, No. 1:20-cv-01219-RP at Dkt. 83, 2023 WL 3400552, at *9 (W.D. Tex. May 11, 2023).

Attorney Kell Simon submits a declaration stating that he has more than 20 years of professional experience in labor, employment, and civil rights matters and has been Board Certified in Labor and Employment Law by the Texas Board of Legal Specialization since 2010. Dkt. 88-1 ¶¶ 2, 5. Paralegal Geni Simon has 10 years of experience and "routinely performs such tasks as drafting and filing pleadings, assisting with the preparation of motions and responses to

---

[1] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717-19. The sixth factor is no longer used. *Rutherford v. Harris Cnty.*, 197 F.3d 173, 193 (5th Cir. 1999).

motions, drafting discovery, communicating with witnesses, preparing and maintaining case files . . . and reviewing and summarizing depositions." *Id*. ¶ 12. White also submits declarations from three experienced attorneys in Austin, Texas practicing in employment litigation attesting to Kell Simon's reputation, ability, and skill, and stating that the rates White seeks are consistent with or below market value. Robert W. Schmidt Decl. ¶¶ 8-9, Dkt. 88-5 at 5; Austin Kaplan Decl. ¶¶ 5-6, Dkt. 88-6 at 2; Robert Notzon Decl. ¶¶ 6-7, Dkt. 88-7 at 5.

Patriot contests White's submission of these declarations as testimony from expert witnesses who were not timely disclosed. Dkt. 89 at 2. The Court rejects Patriot's argument for the same reasons it failed in White's discrimination case against Patriot. *White*, 2923 WL 3400552, at *8 ("But courts regularly treat the designation of expert witnesses on attorney's fees differently from experts on the merits of the case."). Defense counsel also contends that a rate of $575 for this case "is too high and not justified." Dkt. 89 at 3. In support, Johnson submits a declaration stating that her current hourly rate is $475. Andrea Johnson Decl. ¶ 4, Dkt. 89-1 at 4.

Based on all the evidence submitted, and considering the market rate in the Austin community for employment litigation, the Court finds White has shown that $575 is an appropriate hourly rate for attorney Kell Simon and $125 is an appropriate hourly rate for paralegal Geni Simon.

## B. Time Expended

Next, the Court reviews the time records to determine whether the hours expended on the case are reasonable. The reasonable number of hours is determined by eliminating duplicative, unproductive, excessive, or otherwise unnecessary hours. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

This case was one of three lawsuits Simon filed against Patriot Erectors. The lawsuits "were intertwined, and while the cases were pending, the parties agreed that discovery produced or

obtained in one of the three could be used in all of the three." Dkt. 88 at 2-3.[2] Counsel's detailed billing records show the total time spent on each task across the three cases and the time allocated to each by the two timekeepers, with a total of 884.3 hours expended. Dkt. 88-3.

Here, White seeks reimbursement for 218.55 hours of work by attorney Kell Simon and 104.6 hours of paralegal work by Geni Simon. Dkt. 88-4. Defendant does not contest the number of hours billed. The Court has reviewed the billing records and finds the time expended to be reasonable.

### C. Computation of the Lodestar Amount

Multiplying 218.55 hours by the reasonable hourly rates of $575 for Kell Simon plus 104.6 hours at $125 for Geni Simon, the lodestar amount is $125,666.25 + $13,075 = $138,741.25.

### D. Adjustment to the Lodestar Amount

Patriot argues that the requested fees should be reduced based on "the relatively small recovery of base overtime." Dkt. 89 at 2. As stated, the Court awarded White $40,575.68 in uncompensated overtime and $40,575.68 in liquidated damages, for a total award of $81,151.36. White obtained the entire amount of overtime he sought. *See* Dkt. 77 at 26. Patriot contends that: "While a court may award fees in excess of the overtime recovered, the amount of a recovery is one of the factors that this Court may consider, among others." *Id.* The Court construes Patriot's argument under the eighth *Johnson* factor, the amount involved and the results obtained. 488 F.2d at 718.

While "the most critical factor in determining an attorney's fee award is the degree of success obtained," it is an abuse of discretion to reduce a fee award "solely on the basis of the amount of damages obtained." *Black v. SettlePou, P.C.*, 732 F.3d 492, 503 (5th Cir. 2013) (citation omitted). "It remains true that there is no *per se* proportionality rule." *Saizan*, 448 F.3d at 802.

---

[2] The third case is *Davila v. Patriot Erectors, LLC*, No. 1:21-cv-00621-JRN, which was dismissed by joint stipulation on September 6, 2022.

White obtained all the relief he sought and requests a fee award approximately 58% higher than his damages award, distinguishing this case from those in which fees were multiples of damages. *See Migis v. Pearle Vision*, 135 F.3d 1041, 1048 (5th Cir. 1998) (reversing fee award more than six and one-half times damages award). "Given the nature of FLSA claims, it is not uncommon that attorney's fee requests will exceed the amount of judgment in the case." *Villegas v. Regions Bank*, No. H-11-904, 2013 WL 76719, at *3 (S.D. Tex. Jan. 4, 2013). Mindful of the strong presumption that the lodestar figure is reasonable, on the facts presented, the Court finds that the base lodestar amount adequately takes into consideration the *Johnson* factors, and no further adjustment is warranted.

### E. Costs and Expenses

White also seeks an award of $470 in costs, comprising the filing fee and cost of service. Dkt. 88-8. The requested items are available to a prevailing party under 28 U.S.C. § 1920.

### F. Post-Judgment Interest

Finally, a prevailing party is entitled to post-judgment interest on an award of fees and costs from the date of the judgment on the merits that establishes the right to the award of fees and costs. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 331-32 (5th Cir. 1995). The Court awards White post-judgment interest to be calculated at the applicable rate of 5.23% per day from June 20, 2023 until the date paid under 28 U.S.C. § 1961.

### III. Conclusion

**IT IS ORDERED** that Plaintiff's Motion for Reasonable Fees and Costs (Dkt. 88) is **GRANTED**. White is awarded $139,211.25 in fees and costs plus post-judgment interest.

**SIGNED** on August 29, 2023.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE